UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORETTA F. BOYD,                          ) | |
|                                           ) | |
|     Plaintiff,        ) | |
|                                           ) | |
|     vs.               ) | No. 1:16-cv-02028-SEB-TAB |
|                                           ) | |
| JACOBS PROJECT MANAGEMENT                 ) | |
| COMPANY,                                  ) | |
| HEALTH AND HOSPITAL CORPORATION           ) | |
| OF MARION COUNTY (THE WISHARD             ) | |
| MEMORIAL HOSPITAL REPLACEMENT             ) | |
| FACILITY 'THE NEW WISHARD                 ) | |
| PROJECT',                                 ) | |
|                                           ) | |
|     Defendants.       | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DISCOVERY RESPONSES AND APPEAR FOR DEPOSITION**

**I.   Introduction**

Defendant Health and Hospital Corporation of Marion County moves to compel Plaintiff Noretta F. Boyd to produce discovery responses and appear for a deposition. [Filing No. 96.] HHC asserts that Boyd refused to respond to a large number of discovery requests and that she failed to appear for her deposition on May 26, 2017. [*Id.*, at ECF p. 2-3.] Boyd's primary contention is that her responses and attendance are unnecessary because she already provided this information at her deposition in a related case. [Filing No. 98, at ECF p. 2.]

At a May 16, 2017, status conference, the Court told Boyd that she could not rely on discovery provided in a separate case and that she must properly respond to HHC's discovery requests and provide a deposition. The Court further instructed the parties that they may file formal discovery motions only after attempting in good faith to resolve any lingering discovery disputes. HHC's motion followed.

## II. Standard

A party may file a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure includes any information that a party may use to support its claims. Fed. R. Civ. P. 26(a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26(b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Ultimately, this Court has "broad discretion over discovery matters." *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016).

## III. Discussion

### A. Request for Boyd's Discovery

First, HHC asks the Court to compel the following discovery from Boyd: production of documents Nos. 1-5, 8-10, 12-18, 21, 23-34; answers to interrogatories Nos. 1-5, 8-12, 14, 16-19; and Boyd's deposition. Boyd contends that she already provided this information in a prior case. Boyd points to a host of evidentiary and procedural rules that, although address relying on information from a past case, do not stand for this contention.

It is undisputed that Boyd gave an incomplete disclosure. The Court previously found HHC's discovery requests are reasonable. HHC chronicles how the parties tried in good faith to work out the discovery dispute before HHC filed this motion. HHC has a right to Boyd's discovery responses and deposition in this case, and the rules Boyd cites in her objections are not persuasive. Therefore, Boyd must produce requested discovery and appear for her deposition.

### B. Requests for Instruction

Next, HHC asks the Court to instruct Boyd that her failure to attend and participate reasonably in her deposition or properly respond to discovery will result in dismissal of this matter under Rule 37(d). HHC also requests that the Court order Boyd to pay reasonable expenses incurred for failing to appear at the May 26, 2017, deposition, as well as the costs and attorney's fees associated with HHC's motion to compel.

HHC is correct that Rule 37(d)(3) allows the Court to dismiss this action as a sanction against Boyd for failing to attend her own deposition or serve proper responses. While doing so is not mandatory, the Court agrees that Boyd's failure to appear for her deposition and respond to discovery could potentially result in dismissal of the matter.

Additionally, Rule 37(a)(5)(A) states that when a court grants a motion to compel, the Court "must require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the Court must not order this payment if doing so would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Rule 37(d)(3) also mandates that when a party fails to attend her own deposition or serve answers to interrogatories, the Court must require her to pay the reasonable expenses caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Boyd's failure to appear at the deposition and serve proper responses is conduct that necessitated this motion. Furthermore, Boyd does not convince the Court that these failures are substantially justified. However, Boyd's *in forma pauperis* and *pro se* status constitutes circumstances that make an award of fees sanction unjust. *See, e.g.*, *Onukwugha v. Briggs & Stratton*, No. 13-cv-102, 2015 WL 4876588, at *5 (E.D. Wis. Aug. 13, 2015). Therefore, while

3

a close call, the Court declines to award fees in conjunction with the May 26, 2017, deposition and this motion. If HHC ultimately prevails in this case, it may move for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1).

## IV. Conclusion

HHC's motion to compel [Filing No. 96] is granted in part and denied in part. The motion is granted in that Boyd must respond to discovery requests within 14 days of this order and be deposed within 28 days of this order. The motion is denied in that Boyd is not ordered to pay attorney fees incurred in failing to attend her deposition and for HHC bringing the present motion. However, if HHC prevails in this litigation, it may seek an award of costs. Moreover, Boyd's continued failure to comply could result in dismissal of this action.

Date: 7/18/2017

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.

NORETTA F. BOYD
PO Box 286
Fishers, IN 46038