UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORETTA F. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02028-SEB-TAB |
| | ) |
| JACOBS PROJECT MANAGEMENT COMPANY, HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY (THE WISHARD MEMORIAL HOSPITAL REPLACEMENT FACILITY "THE NEW WISHARD PROJECT"), | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**[Docket Nos. 34 and 52]**

In 2014, Plaintiff *pro se* Noretta F. Boyd ("Boyd") sued her former employer Keystone Construction alleging various harms arising from Boyd's work for Keystone in 2013 as a project manager on the construction of a new hospital. *Boyd v. Keystone Construction, et al.*, No. 1:14-cv-119-WTL-MJD. That case settled and was closed on the Court's docket on January 11, 2016. *Id.*, Dkt. 139.

This lawsuit arises from the same facts. This time Boyd sues the owner of the new hospital, the Health and Hospital Corporation of Marion County ("HHC"), and Jacobs Project Management Company ("Jacobs") (together, "Defendants"), a project-

management contractor on the construction project, which contracted certain work on the project to Keystone Construction.

Before the Court are HHC's and Jacobs's motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 34 (HHC), Dkt. 52 (Jacobs). Boyd and Defendants raise a host of issues and arguments in their briefing. Not all of them are relevant or require our consideration. In fact, most of them, we need not decide, because the impact of a few clear-cut legal rules dictates that Boyd's claims be dismissed. And because there is nothing Boyd could do to fix these legal problems, her claims will be dismissed with prejudice.

The main problem with Boyd's lawsuit is that it came too late. Boyd believes that, by filing her earlier lawsuit against Keystone, or by the mistakes and misconduct of defense counsel and this Court, she is able to avoid dismissal for lateness. This is not correct.

## Standard of Decision

"A pleading that states a claim to relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a); *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "test[s] the legal sufficiency of a complaint." *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989), *abrogated on other grounds by Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668 (1996). To survive dismissal,

> a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir.2012) (citing *Iqbal,* 556 U.S. at 678).

*Adams*, 742 F.3d at 728.

Where, as here, the deadline for amending a complaint as of right has passed, Fed. R. Civ. P. 15(a)(1)(B), further amendment requires leave of court or the defendants' consent. *Id.* at (a)(2). "Although leave to file a[n] . . . amended complaint should be granted liberally, a district court may deny leave for several reasons including . . . futility of amendment." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quotations omitted).

"While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth every necessary to satisfy" the limitations defense "because the relevant dates are set forth unambiguously in the complaint." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quotations and citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

## Analysis

Boyd seeks to hold Defendants liable in Count (I) for discharge in violation of public policy, discharge in violation of Indiana Code § 22-5-3-3, and discharge in violation of Indiana Code § 5-11-5.5-2 *et seq.*; in Count (II) for "intentional . . . interfer[e]nce with an economic advantage"; in Count (III) for libel and defamation *per se*; in Count (IV) for invasion of privacy and false light; in Count (V) for "conspiracy agains[t] rights [18] U.S.C. [§] 241; and in Count (VI) for race, age, and sex discrimination under Title VII of the Civil Rights Act of 1964, Executive Order 11,246, and Executive Order 13,673.

### I. Boyd's Claims Under Counts (I), (II), (III), and (IV) Are Barred by the Statute of Limitations

In Indiana,

> [a]n action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, retirement, wages, or salary) must be brought within two . . . years of the date of the act or omission complained of.

Ind. Code § 34-11-2-1. Because the last act referenced in Boyd's complaint is August 28, 2013, Pl.'s Comp. ¶ 48, any claim "relating to the terms, conditions, and privileges" of Boyd's employment must have been brought no later than August 28, 2015, nearly a year before Boyd's complaint was filed on July 29, 2016, if it not "based upon a written contract . . . ." Ind. Code § 34-11-2-1.

4

Boyd's action does not appear to be one "upon a written contract . . . ." *Id.* Boyd does not allege the existence of a written contract between her and HHC or Jacobs, does not refer to one, and, in her voluminous attachments and filings, has not produced a copy of such a contract in whole or part. Thus, the two-year limitations period bars any of Boyd's claims "relating to the terms, conditions, and privileges" of her employment. *Id.*

All three claims for wrongful or retaliatory discharge pled under Count (I) are claims of this type. *Id.* ("including . . . discharge . . . ."); *Jean v. Dugan*, 20 F.3d 255, 264 (7th Cir. 1994) ("retaliatory discharge"); *Holmes v. Celadon Trucking Servs. of Ind., Inc.*, 936 N.E.2d 1254, 1255 (Ind. Ct. App. 2010) ("wrongful termination"). So too is Boyd's claim or claims under Count (II) for tortious interference. *Jean v. Dugan*, 20 F.3d 255, 264 (7th Cir. 1994) ("tortious[] interfere[nce] with . . . employment").

Indiana's general limitations period for tort actions is also two years. Specifically, "[a]n action for . . . injury to person or character[,] or . . . injury to personal property . . . must be commenced within two . . . years after the cause of action accrues." Ind. Code § 34-11-2-4. The statute bars Boyd's tort claims unrelated to employment for Count (III) libel and defamation *per se*, and Count (IV) invasion of privacy and false light.

We note that Boyd's libel claim rests on an allegation relating to "a defamatory email sent by Jacobs to the project team within 24 hours of [Boyd's] dismissal . . . ." Pl.'s Compl. ¶ 49. The e-mail referred to appears to be the e-mail attached as Exhibit 8 to Boyd's opposition to Jacobs's motion to dismiss. *See* Dkt. 57 Ex. 8. Boyd says that "[i]n or around July of 2014," presumably through discovery in her previous lawsuit, she "received" the e-mail. Pl.'s Compl. ¶ 49. Boyd points out that Indiana starts the clock on

a defamation claim only once "actionable harm could have been reasonably ascertained." *Burks v. Rushmore*, 534 N.E.2d 1101, 1104 (Ind. 1989); *see* Pl.'s Br. Opp. (Dkt. 39), p. 21 fn. 21.

If the harm from the e-mail was not reasonably ascertainable until Boyd says she received it in July 2014, then her defamation claim for the e-mail might come within the statute of limitations, and Defendants would not be entitled to dismissal at this time. We doubt that such harm was not reasonably ascertainable before July 2014, because the e-mail was sent to everyone on the project team, and Keystone, Boyd's employer, received a copy of it as well. Dkt. 57 Ex. 8.

But assuming that the harm from the e-mail was not reasonably ascertainable before July 2014, Boyd's defamation claim, to the extent that it rests on the e-mail, must still be dismissed, because nothing in the e-mail is false or defamatory. The e-mail reads in full:

> Team:
>
> It is with regret that I inform you that Noretta Boyd was dismissed from the project on Friday afternoon.
>
> Her project load (i.e. Bid Packages 5-11, 12, 13 & 15) will be picked up by Sathya Thulasirman and Paul Riehle. Everyone needs to help shoulder the load in getting these packages completed.
>
> If you have any questions please contact me. Thanks!
>
> Jim Seta
> [signature block]

Dkt. 57 Ex. 8.

To be libelous, a statement must be both false and defamatory. *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006). Nothing about this e-mail is either. Boyd appears to believe that, because language in the contract between Jacobs and Keystone (which Boyd does not appear to have attached in any of her submissions)[1] in "Attachment A section 15(h)" refers to "immediate" discharge for "inappropriate, criminal, negligent or other contributing factors . . . ," Pl.'s Br. Opp. (Dkt. 39), p. 21, that the e-mail sent immediately after her discharge somehow implies that Boyd was criminal or negligent. But the e-mail certainly does not say or even imply that Boyd was dismissed for a reason of that type, and again, nothing in the e-mail is false. Boyd cannot succeed on a defamation claim based on the e-mail.

## II. Count (V) Alleges a Criminal Violation for Which Boyd Cannot Sue

Count (V) refers to 18 U.S.C. § 241, a criminal statute that penalizes "[c]onspiracy against rights," *id.*, with punishments ranging from a fine to the death penalty. *Id.* Boyd cannot sue for a violation of this statute because it does not create a private right of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). That means that Boyd, as a private person, has no right to bring an action for a violation of this statute; only the government may do so by initiating a criminal prosecution. It does not mean that Boyd has not properly filed her lawsuit. *See* Pl.'s Br. Opp. (Dkt. 39), p. 25.

---

[1] Boyd has attached a page of Keystone's and Jacobs's "Subconsulting Agreement." Dkt. 57 Ex. 5. That page refers to "Attachment A – Terms and Conditions" as one of the "Agreement Documents that constitute this Subconsulting Agreement . . . ." *Id.* But this "Attachment A" does not appear in Boyd's submissions.

7

**III. Boyd's Claims Under Count (VI) Are Also Too Late or Allege Violations for Which Boyd Cannot Sue**

Count (VI) alleges violations of Title VII and two executive orders. "Before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge." *Chaudhry v. Nucor Steel-Ind.*, 546 F.3d 832, 836 (7th Cir. 2008). "Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." *Id.* Boyd did file a timely EEOC charge, but it named only Keystone. Dkt. 57 Ex. 2. Boyd did not file a charge against Jacobs or HHC, and she would not be able to now because more than 300 days have expired since the last allegation of wrongdoing in 2013.

Even if Boyd had named Jacobs and HHC in her EEOC charge, she had 90 days from the date she received her right-to-sue notice from the EEOC on May 30, 2014, Pl.'s Compl. ¶ 52, to bring her discrimination lawsuit. *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984). Boyd's Title VII claim has simply been brought too late.

Boyd's claim under Executive Order 11,246 fails for the same reason as her claim under 18 U.S.C. § 241: the Order does not create rights a private person may enforce through a civil action. *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1286 (9th Cir. 1987). We doubt that now-revoked Executive Order 13,673 (which was about requiring federal contractors to report allegations of labor law violations) does either, *Assoc. Builders and Contractors of Se. Tex. v. Rung*, No. 1:16-cv-425, 2016 WL 8188655 (E.D. Tex. Oct. 24, 2016) but in any event, it does not apply without a federal contractor, which neither HHC nor Jacobs is alleged to be. *Harris v. Halliburton Co.*, No. 1:16-cv-281, 2016 WL

8

3255074 (E.D. Cal. June 13, 2016), *report and recommendation adopted*, 2016 WL 4204604 (Aug. 9, 2016).

## IV. Boyd's Arguments Do Not Help Her

Boyd appears to believe that the statutes of limitations do not apply to her claims here, either because she sued the same defendants for the same claims in her first lawsuit, *see* Pl.'s Am. Br. Opp. (Dkt. 62), p. 13, or because she is entitled to equitable tolling of the limitations period. *Id.* p. 14.

This argument is miscast. To begin with, Boyd did not sue Jacobs in her first lawsuit. She sued "The New Wishard Project Team JV Partnership," Dkt. 57 Ex. 1, under which she included two men who were identified as working for "Jacobs Engineering." *Id.* But suing two people who worked for a company is not the same thing as suing the company they worked for. And, if Boyd *had* sued Jacobs in the previous lawsuit, her claims against them would now be barred, because a plaintiff is not allowed to sue to same defendant twice for the same thing. *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015).

Boyd also is not entitled to equitable tolling. Boyd appears to suggest that Defendants' bad acts have prevented her from suing them in a timely fashion. If this were true, Boyd might be entitled to equitable tolling, *see, e.g., Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990); *Doe v. Shults-Lewis Child and Fam. Servs., Inc.*, 718 N.E.2d 738, 744–45 (Ind. 1999), but Defendants have committed no such bad acts. (Neither has this Court.) And Boyd has not alleged any other types of circumstances

9

beyond her control that would have prevented her from knowing whom to sue and for what within sufficient time.

It is Boyd's right and responsibility as the plaintiff of her case to decide whom she wants to sue and whom she does not; she is the master of her complaint. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). Defendants have no obligation, nor does this Court, to craft a viable lawsuit for Boyd to litigate. In point of fact, this Court invited Boyd to join any parties other than Keystone to her first lawsuit, when we ruled on Keystone's motion to dismiss Boyd's second amended complaint. Dkt. 57 Ex. 3. Specifically, we said that, "[i]f Boyd wishes to pursue claims against [The New Wishard Project Team JV Partnership, erroneously dismissed at outset of the first suit] *or other defendants that are related to the events at issue in this case, she may file a third amended complaint **within 21 days of the date of this Entry** . . . .*" *Id.* (original bold type, italic emphasis added). Boyd did not do so, apparently electing to proceed only against Keystone. That election has left her high and dry and without any viable claims in her second lawsuit, but the responsibility for that outcome rests entirely with Boyd.

We note in conclusion that Boyd's 2014 decision to limit her first lawsuit to her claims against Keystone did not stop the limitations clock from running with respect to any other claims she might have had against any other defendants. The limitations period is tolled only during the pendency of a lawsuit as to the specific defendant(s) sued in that lawsuit. *See Elmore v. Henderson*, 277 F.3d 1009, 1011 (7th Cir. 2000).

## **Conclusion**

For the reasons stated above, all of Boyd's claims in this action fail as a matter of law. The Defendants' motions to dismiss are therefore GRANTED in full and Boyd's complaint is DISMISSED WITH PREJUDICE. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: ___9/29/2017___

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORETTA F. BOYD
PO Box 286
Fishers, IN 46038

Jeffrey Scott Beck
FAEGRE BAKER DANIELS LLP (Indianapolis)
jeffrey.beck@FaegreBD.com

Sarah Elizabeth Caldwell Breslin
FAEGRE BAKER DANIELS LLP (Indianapolis)
sarah.breslin@faegrebd.com

Stuart R. Buttrick
FAEGRE BAKER DANIELS LLP (Indianapolis)
stuart.buttrick@FaegreBD.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
michelle.maslowski@ogletreedeakins.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
todd.kaiser@odnss.com