UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORETTA F. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-02028-SEB-TAB |
| ) | |
| JACOBS PROJECT MANAGEMENT ) | |
| COMPANY, ) | |
| HEALTH AND HOSPITAL CORPORATION ) | |
| OF MARION COUNTY (THE WISHARD ) | |
| MEMORIAL HOSPITAL REPLACEMENT ) | |
| FACILITY "THE NEW WISHARD ) | |
| PROJECT"), ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS TO ALTER JUDGMENT AND FOR BILL OF COSTS
[DKT. 119, 122]**

On September 29, 2017, we entered final judgment dismissing with prejudice this lawsuit brought by plaintiff *pro se* Noretta F. Boyd ("Boyd") against defendants Health and Hospital Corporation of Marion County ("HHC"), and Jacobs Project Management Company ("Jacobs"). Dkt. 116. Boyd now seeks an order vacating that judgment under Rule 59(e) and awarding her costs under Rule 54(d)(1), Fed. R. Civ. P. We deny both motions.

**Motion to Alter Judgment (Dkt. 119)**

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time [judgment was entered] or if the movant points to evidence in the record that clearly establishes a

manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A manifest error of law results from a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). Boyd claims no newly discovered evidence; she claims only that our September 29, 2017, dismissal order reflects manifest legal errors.

In dismissing Boyd's claims relating to the terms and conditions of her employment as barred by Indiana's two-year statute of limitations, Ind. Code § 34-11-2-1, Boyd claims we disregarded the applicable statute of limitations for her claim under Indiana's False Claims and Whistleblower Protection Act. In fact, we did not disregard that issue. The longer limitations period cited by Boyd, *id.* § 5-11-5.5-9(b), applies to *qui tam* actions under Section 4 of the statute, *id.*, 5-11-5.5-4, in which a person may sue on the state's behalf for fraud on the state. *Id.* § 5-11-5.5-9(b) (applicable to "[a] civil action under section 4 of this chapter"). Boyd did not bring a claim under Section 4 of the statute because such a claim "must be brought in the name of the state[,]" *id.* § 5-11-5.5-4(a)(1), and Boyd is suing only in her own name. In addition, she did not satisfy any of the other procedural requirements for bringing an action under Section 4. *See id.* § (c). Indeed, nothing in Boyd's complaint even alludes to fraud on the state of Indiana.[1]

Nor did we disregard any written contract as would give Boyd enforceable rights (and a longer limitations period in which to enforce them). As we explained in analyzing

---

[1] For the purposes of this statute, HHC does not count as "the state of Indiana." Ind. Code § 5-11-5.5-1(7) ("'State' means Indiana or any agency of state government. The term does not include a political subdivision.").

Boyd's claims in a previous lawsuit, her employment with Keystone was at-will, *Boyd v. Keystone Construction, et al.*, No. 1:14-cv-119-WTL-MJD, Dkt. 53, at 6, and the contractual language she cites repeatedly here is drawn from contracts between HHC and Jacobs, Dkt. 119 Exs. A, B, E, F, O, and between Jacobs and Keystone. Dkt. 119 Exs. G, H, P. Those contracts do not create any rights that entitle Boyd to anything because she was not a party to them and is not a beneficiary of them. *See Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006) (For a contract to create rights enforceable by a third party, "[i]t is not enough that the performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for [her] benefit . . . . The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the [contract] . . . .").

Finally, we explain again to Boyd why neither this Court nor defendants are responsible for Boyd's failure to sue the right people within the required timeframes. When Boyd filed her complaint in her first lawsuit in 2014, she did not sue Jacobs or HHC; rather, in addition to suing Keystone, she sued an entity she called "Defendant II The New Wishard Project Team JV Partnership[.]" *Boyd v. Keystone Construction, et al.*, No. 1:14-cv-119-WTL-MJD, Dkt. 1 ¶ 3. Two men who worked for Jacobs were alleged to be members of that alleged entity, *id.*, but a person and the company he works for are clearly not the same thing.

Our dismissal without prejudice at the outset of the earlier case of "The New Wishard Project Team JV Partnership" as a defendant, *id.*, Dkt. 4, we later acknowledged

was in error. *Id.*, Dkt. 90, at 15. But because "The New Wishard Project Team JV Partnership" and Jacobs Engineering (and, for that matter, HHC) are not the same thing, Boyd was never prevented from suing Jacobs if she had wanted to do so. When, in dismissing her first complaint in the earlier case, we told Boyd that her amended complaint, if any, "shall not include factual allegations relating to things that do not involve Keystone[,]" *Id.*, Dkt. 53, at 8, that was because Keystone was the only defendant in the case at the time; we did *not* prohibit Boyd from adding new defendants (Jacobs and HHC) during the course of her lawsuit.

Even if all that were not so, we could not have been clearer in our July 20, 2015, order dismissing Boyd's second amended complaint in her previous lawsuit, when we wrote: "If Boyd wishes to pursue claims against New Wishard or other defendants that are related to the events at issue in this case, she may file a third amended complaint **within 21 days of the date of this Entry** that adds those claims." *Id.*, Dkt. 90, at 15–16 (original bold type). In other words, we extended to Boyd an open invitation to sue whomever she wanted in connection with these events. She did not accept that invitation, choosing instead to dismiss her lawsuit with prejudice on January 11, 2016, *id.*, Dkt. 139, six months before she filed the first complaint in this case. Boyd is responsible for her own choices, which left us with the necessity of dismissing her lawsuit.

## Motion for Bill of Costs (Dkt. 122)

Boyd seeks nonitemized costs totaling $104,329.50, Dkt. 122, including a "labor factor," Dkt. 122 Ex. 1, presumably for representing herself, both in this case and her prior unsuccessful suit filed in 2014. *Id.*

Unless a contrary rule applies, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Boyd is not a prevailing party, having lost her lawsuit. *Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017) ("[Defendant] was the prevailing party because [plaintiffs] lost all of their claims against [defendant]."). Her motion for costs is therefore denied.

## Conclusion

Boyd's motion to alter the judgment, Dkt. 119, is DENIED.

Boyd's motion for costs, Dkt. 122, is DENIED.

IT IS SO ORDERED.

Date: 12/19/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORETTA F. BOYD
PO Box 286
Fishers, IN 46038

Jeffrey Scott Beck
FAEGRE BAKER DANIELS LLP (Indianapolis)
jeffrey.beck@FaegreBD.com

Sarah Elizabeth Caldwell Breslin
FAEGRE BAKER DANIELS LLP (Indianapolis)
sarah.breslin@faegrebd.com

Stuart R. Buttrick
FAEGRE BAKER DANIELS LLP (Indianapolis)
stuart.buttrick@FaegreBD.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
todd.kaiser@odnss.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
michelle.maslowski@ogletreedeakins.com